**SO ORDERED.**

**SIGNED this 02 day of May, 2007.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CALHOUN TRANSPORTATION | ) | No. 05-16559 |
| SERVICES, INC. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |
| | ) | |
| CALBAT, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. No. 06-1044 |
| | ) | |
| CALHOUN TRANSPORTATION | ) | |
| SERVICES, INC.; CHRISTINE | ) | |
| TOOMEY; WALLACE GORDON; | ) | |
| CALHOUN TRANSPORTATION | ) | |
| SERVICES, L.L.C.; SWIFT TRUCK | ) | |
| LEASING, L.L.C.; SWIFT ENTER- | ) | |
| PRISES, INC.; and SWIFT INVEST- | ) | |
| MENT GROUP, L.L.C. | ) | |
| | ) | |
| Defendants | ) | |

**M E M O R A N D U M**

**I.**

This adversary proceeding is before the court on a Motion to Dismiss the Third, Fourth and Fifth Counts for Failure to State a Claim.[1] The motion asserts that those counts of the First Amended Adversary Complaint filed on February 5, 2007, fail to state a claim upon which relief may be granted.[2] After reviewing the motion and supporting brief as well as the plaintiff's response thereto, the court will grant the motion in part and deny it in part.

**II.**

The Third Count of the amended complaint seeks actual and punitive damages for intentional misrepresentations allegedly made by the movant. The Fourth Count seeks actual damages for negligent misrepresentations allegedly made by the movant. The Fifth Count seeks actual and punitive damages for fraudulent promises allegedly made by the movant. One panel of the Tennessee Court of Appeals has recently summarized the elements of fraud as follows:

> The law on fraud is well established in Tennessee and, in order to state a claim for fraud, the following elements must be established: (1) an intentional misrepresen-

---

[1] Although the motion was filed by defendant Wallace Gordon as well as defendant Christine Toomey, the counts sought to be dismissed do not include any allegations of wrongdoing by Mr. Gordon. Accordingly, this opinion will treat Ms. Toomey as the sole movant.

[2] A motion to dismiss based on this ground must be filed before pleading, Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b), and the movant filed her motion the day after filing an answer to the amended complaint. Accordingly, the court will treat the motion as one seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

tation with regard to a material fact; (2) knowledge of the representation['s] falsity – that the representation was made knowingly or without belief in its truth, or recklessly without regard to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) that the misrepresentation relates to an existing or past fact, or, if the claim is based on promissory fraud, then the misrepresentation must "embody a promise of future action without the present intention to carry out the promise."

*Jones v. State ex rel. Coleman*, No. W2006-00540-COA-R3-JV, 2006 WL 3613612, at *3 (Tenn. Ct. App. Dec. 12, 2006) (quoting *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998) (quoting *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990))). The requirement of a misrepresentation of an existing or past fact also applies to claims for negligent misrepresentation. *E.g.*, *Naifeh v. Valley Forge Life Ins. Co.*, No. W2003-02800-COA-R3-CV, 2005 WL 1073647, at *8 (Tenn. Ct. App. May 5, 2005) (citing *Young v. Cooper*, 203 S.W.2d 376 (Tenn. Ct. App. 1947)). The movant seeks to dismiss the Third, Fourth, and Fifth Counts because the representations alleged do not relate to existing or past facts.

The alleged representations upon which the plaintiff relies in the three counts sought to be dismissed are as follows:

> **39.** Calbat was told that Calhoun I did not have the cash to pay the actual amounts owed to Calbat and that if Wallace Gordon, Christine Toomey, and Calhoun I could increase revenues, Calhoun I would have the cash to pay Calbat.
>
> **40.** Christine Toomey and Calhoun I consistently promised to Calbat that Calbat would receive all of the back payments that it was due.
>
> **41.** . . . . Christine Toomey represented that Calhoun I did not presently have the cash to pay the amounts owed to Calbat under the Calbat contract, but that Calhoun I would pay all past due amounts owed to Calbat under the Calbat contract.
>
> **42.** . . . . Christine Toomey continuously and repeatedly represented to John Lafferty that Calhoun I did not presently have the cash to pay the amounts

3

>
> owed to Calbat under the Calbat contract, but that it would pay Calbat all past due amounts owed under the Calbat contract. . . .
>
> . . . .
>
> **46.** . . . Christine Toomey continued to represent to John Lafferty that Calhoun I would pay Calbat all past due amounts it owed Calbat under the Calbat contract.
>
> **47.** . . . Christine Toomey also represented to John Lafferty that if any amounts were still past due at the time of any sale involving Calhoun I, Calhoun I would pay any past due amounts still owed under the Calbat contract.
>
> **48.** . . . Christine Toomey also represented to John Lafferty that the assumption of the Calbat contract would be a term of the sale of Calhoun I.

The statements alleged in paragraphs 40, 46, 47, and 48 clearly constitute promises, not representations of existing or past facts. The same is true with respect to the statements alleged in the second independent clauses of paragraphs 41 and 42 ( that Calhoun I would pay all past due amounts). The plaintiff contends that the movant's statements of opinion should be treated as representations because of her superior knowledge. However, the amended complaint does not allege a statement of opinion that Calhoun I would have the *ability* to pay at a later date; rather, the plaintiff alleges only a *promise* to pay later if revenues could be increased.

With respect to paragraph 39, the alleged statement that Calhoun I would have the cash to pay the plaintiff constitutes a representation as to a future fact. Moreover, the alleged statement does not qualify as an opinion or speculation that could be treated as a representation due to the movant's superior knowledge, because the proposed ability to pay was conditioned on an increase in revenues and the movant is not alleged to have represented an ability to increase revenues. The statement alleged is not that Calhoun I would have the ability to pay, but that it would

4

have the ability to pay *if* revenues increased. This statement is not actionable as intentional, negligent, or promissory fraud.

Accordingly, the only statement alleged in paragraphs 39-42 and 46-48 that may be actionable as intentional or negligent fraud is the representation, alleged in paragraphs 39, 41, and 42, that Calhoun I did not presently have the cash to make payment to the plaintiff. Because the plaintiff has alleged the other elements of a cause of action for intentional or negligent fraud, those causes of action are not subject to dismissal at this time insofar as that single alleged misrepresentation is concerned.

With respect to the promises alleged in paragraphs 40, 46, 47, and 48, the plaintiff has alleged that, "[a]t the time Christine Toomey made the promises to Calbat . . ., she did not intend to keep them or for Calhoun I to keep them." (First Am. Adversary Compl. ¶ 170.) This allegation satisfies the requirement that the promise have been made "without the present intention to carry out the promise." It is irrelevant that the movant made the promises on behalf of the corporation: while an action on the contract may not be sustainable against her individually, she may be personally liable in tort for her role in committing the promissory fraud. *E.g.*, *Brungard v. Caprice Records, Inc.*, 608 S.W.2d 585, 590-91 (Tenn. Ct. App. 1980). Because the plaintiff has alleged the other elements of a cause of action for promissory fraud, the Fifth Count of the amended complaint is not subject to dismissal for any reason stated by the movant.

5

### III.

For the foregoing reasons, the court will enter a separate order dismissing the Third and Fourth Counts of the First Amended Adversary Complaint except with respect to the allegations in paragraphs 39, 41, and 42, to the effect that Calhoun I did not presently have the cash to make payment to the plaintiff. The order will otherwise deny the motion to dismiss.

###